**JOHN L. BURRIS ESQ., SBN 69888**
**BENJAMIN NISENBAUM, ESQ., SBN 222173**
**JAMES COOK, ESQ., SBN 300212**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
John.Burris@johnburrislaw.com
Ben.Nisenbaum@johnburrislaw.com
James.Cook@johnburrislaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA JACQUEZ, individually and as co-successor-in-interest to Decedent RICHARD JACQUEZ, R.J. by and through his Guardian Ad Litem Monica Mendoza, individually and as co-successor-in-interest to Decedent RICHARD JACQUEZ, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF SAN JOSE, a municipal corporation; JACOB MORRIS, individually and in his capacity as an officer for the San Jose Police Department; and DOES 1-50, inclusive, <br><br> Defendants. | CASE NO.: <br><br> COMPLAINT FOR DAMAGES <br> (42 U.S.C §§ 1983, 1988; and pendent tort claims) <br><br> **JURY TRIAL DEMANDED** |

# INTRODUCTION

1. On August 17, 2015, Decedent RICHARD JACQUEZ, an unarmed man, was shot to death by Officer Jacob Morris of the San Jose Police Department while he had his back turned to Officer Morris and posed no threat of harm to anyone at the time that he was shot.

2. This civil rights and wrongful death action seeks compensatory and punitive damages from Defendants for violating the Fourth and Fourteenth Amendment under the United States Constitution and state law in connection with the death of Decedent RICHARD JACQUEZ, who died as a result of the unlawful and/or negligent use of force by the City of San Jose Police Department.

3. This action seeks to recover damages for the violation of rights personal to Decedent and the rights of his surviving successors-in-interest.

# JURISDICTION

4. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 42 of the United States Code, Section 1331 and 1343 and 42 U.S.C. Section 12188(a). This Court also has supplemental jurisdiction over Plaintiffs' state law causes of action under 28 U.S.C. Section 1367.

# PARTIES

5. Decedent RICHARD JACQUEZ was an individual residing in the State of California. Decedent was unmarried at the time of his death and died intestate.

6. Plaintiff GLORIA JACQUEZ ("Jacquez") is and was at all times herein mentioned the mother of Decedent RICHARD JACQUEZ and is a co-successor-in-interest to Decedent RICHARD JACQUEZ.

7. Plaintiff R.J. ("R.J."), is and was at all times herein mentioned the biological son of Decedent RICHARD JACQUEZ. R.J. sues in his individual capacity and as a co-successor-in-interest to Decedent by and through his Guardian Ad Litem, MONICA MENDOZA.

8. CITY OF SAN JOSE ("City") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant City has possessed the power and authority to adopt policies and prescribe rules,

regulations and practices affecting the operation of the City of San Jose's Police Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant City was the employer of JACOB MORRIS, and DOES Defendants, individually and as a peace officers.

9. Defendant JACOB MORRIS ("Morris"), was an officer for the City of San Jose Police Department, and is sued individually and in his official capacity.

10. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiffs as set forth herein. Plaintiffs will amend this Complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISITES

11. Plaintiffs are required to comply with an administrative tort claim requirement under California law. Plaintiffs have exhausted all administrative remedies pursuant to California Government Code Section 910. Plaintiffs filed a claim against the City of San Jose on February 15, 2016. The claim was rejected by the City of San Jose on March 18, 2016.

## FACTUAL ALLEGATIONS

12. On August 17, 2015 at approximately 7:00 p.m. at or near the intersection of 37 Kirkhaven Court and Stoneyhaven Way in San Jose, CA. Decedent, RICHARD JACQUEZ, was pursued by Defendant Officer Morris of the San Jose Police Department.

13. Decedent RICHARD JACQUEZ stopped his car. At that point, Decedent exited his car and ran towards a relative's house. At the time, Decedent was unarmed. Further, Decedent RICHARD JACQUEZ's hands were clearly visible above head level as he ran towards his relative's house. As Decedent RICHARD JACQUEZ was running, his back was turned towards Defendant Officer Morris. Inexplicably, without legal cause, Defendant Officer Morris shot Decedent RICHARD JACQUEZ multiple times, striking him in the back and chest. Decedent RICHARD JACQUEZ died as a consequence of the gunshot wounds.

14. Plaintiffs allege that each Defendants were reasonably on notice that Decedent RICHARD JACQUEZ was unarmed and posed no threat of harm to anyone at the time that he was

shot to death. Plaintiffs further allege that a reasonable officer in Defendant Officer Morris' position would have clearly been on notice that Decedent RICHARD JACQUEZ was unarmed and did not pose a threat of harm to anyone at the time that he was shot while running in the opposite direction of the officer while his hands were in the air.

15. The actions and omissions of City and the Defendant San Jose Police Department Officers were objectively unreasonable under the circumstances, without legal justification or other legal right, done under color of law, within the course and scope of their employment as law enforcement officers and/or public officials, and pursuant to unconstitutional customs, policies and procedures of City and/or other jurisdictions. City was also responsible for Plaintiffs' injuries through its own acts and omissions, negligent and otherwise, by failing to properly and adequately investigate, train, supervise, monitor, instruct, and discipline its law enforcement officers and/or employees and agents, including the officers and officials described herein.

16. Plaintiffs allege that Decedent RICHARD JACQUEZ's death was the result of excessive force used by Defendants.

17. Plaintiffs further allege that Decedent RICHARD JACQUEZ's death was the proximate result of Defendant City's failure to reasonably train their law enforcement officers in the proper and reasonable use of force and the making of investigations. Plaintiff further alleges that these substantial failures reflect Defendant City's policies implicitly ratifying and/or authorizing the use of excessive force by its police officers and the failure to reasonably train police officers employed by Defendant City in the making of investigations.

18. The killing of Decedent RICHARD JACQUEZ described herein was brutal, malicious, and done without just provocation or cause, proximately causing Plaintiffs' injuries and resulting damages.

## DAMAGES

19. Plaintiffs were physically, mentally, emotionally and financially injured and damaged as a proximate result of Decedent RICHARD JACQUEZ's wrongful death, including, but not limited to, the loss of decedent's familial relationships, comfort, protection, companionship, love, affection, solace, and moral support. In addition to these damages, Plaintiffs are entitled to recover

for the reasonable value of funeral and burial expenses, pursuant to C.C.P. Sections 377.60 and 377.61.

20. Plaintiffs are entitled to recover wrongful death damages pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b).

21. Pursuant to C.C.P. Sections 377.30, 377.32, and 377.34, Plaintiffs are further entitled to recover for damages incurred by decedent for deprivation without due process of decedent's right to life, and to any penalties or punitive damages to which decedent would have been entitled to recover, had he lived. For Plaintiffs' Federal claims only, these damages include damages also incurred by decedent consisting of pain, suffering, and disfigurement prior to decedent's death.

22. As a further direct and proximate result of the negligence, excessive force and deliberate indifference of defendants, and each of them, Plaintiffs have been deprived of Decedent RICHARD JACQUEZ's financial support.

23. The conduct of the individual defendants was malicious, wanton, and oppressive. Plaintiffs, as decedent's successor-in-interest, are therefore entitled to an award of punitive damages against said individual defendants.

24. Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights, and the rights of decedent, under the law. Plaintiffs are therefore entitled to recover all attorneys' fees incurred in relation to this action pursuant to Title 42 United States Code section 1988, and California Civil Code sections 52 and 52.1.

**FIRST CAUSE OF ACTION**
(Violation of the Fourth Amendment of the United States Constitution)
(42 U.S.C. § 1983- Survival Action)
(Plaintiffs Jacquez and R.J., by and through his Guardian Ad Litem Monica Mendoza against Defendants Morris and DOES 1-25)

25. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 24 of this Complaint.

26. Defendants' above-described conduct constituted violations of decedent's rights as provided for under the Fourth Amendment to the United States Constitution. These rights include but

are not limited to the right to be free from excessive force and/or the arbitrary and/or unreasonable use of force against them.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
**(Violations of Plaintiff's 14th Amendment Rights/ Right to Familial Relationship)**
**(42 U.S.C. § 1983)**
**(Plaintiffs Jacquez and R.J., by and through his Guardian Ad Litem Monica Mendoza against Defendants Morris and DOES 1-25)**

27. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 26 of this Complaint.

28. Defendants' conduct constituted acts under color of state law, and without due process of law, which deprived Plaintiffs of their right to a familial relationship. Defendants deprived Plaintiffs of these rights by use of unreasonable, unjustified and deadly use of force, causing injuries, which resulted in decedent's death.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
**(*Monell* - 42 U.S.C. § 1983)**
**(Plaintiffs Jacquez and R.J., by and through his Guardian Ad Litem Monica Mendoza against Defendants City, Morris, and DOES 1-50)**

29. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 28 of this Complaint.

30. Plaintiffs are informed and believe and thereon alleges that high-ranking City officials, including high-ranking police supervisors such as DOES 26 through 50, and/or each of them, knew and/or reasonably should have known about systemic, unwarranted uses of force by DOES 1-25, and/or the San Jose Police Department.

31. Despite having such notice, Plaintiffs are informed and believe and thereon allege that Defendant DOES 26-50, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said police officers.

32. Plaintiffs are further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants MORRIS and DOES 1-25 and/or each of them, the City of San Jose Police Department encouraged these officers to continue their course of misconduct and ignored these officers' lack of training, resulting in the violation of the Plaintiffs' rights as alleged herein.

33. Plaintiffs further allege that Defendant DOES 26-50, and/or each of them, were on notice of the Constitutional defects in their training of City police officers, including, but not limited to unlawful arrests and detentions not based on probable cause.

34. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking City officials, including high ranking City Police Department supervisors DOES 26-50, Defendant MORRIS and DOES 1-25, and each of them resulted in the deprivation of Plaintiffs' constitutional rights including, but not limited to the right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution, the right to not be deprived of life, liberty or property without due process of the law, as guaranteed by the Fourteenth Amendment to the United States Constitution and the right to be free from excessive force by police officers, as guaranteed by the Fourth Amendment to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**(Wrongful Death - Negligence)**
**(C.C.P. §§ 377.60 and 377.61)**
**(Plaintiffs Jacquez and R.J., by and through his Guardian Ad Litem Monica Mendoza against Defendants Morris and DOES 1-25)**

35. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 34 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

36. Defendant City, by and through its agents and employees, the involved Defendant Officers' negligent actions and/or negligent failure to act, as set forth herein-above proximately caused the death of decedent RICHARD JACQUEZ.

37. As an actual and proximate result of said defendants' negligence, and the death of decedent, plaintiffs have sustained pecuniary loss resulting from the loss of comfort, society, consortium, attention, services, and support of her husband, decedent, in an amount according to proof at trial.

38. As a further actual and proximate result of said defendant's negligence, plaintiffs have incurred funeral and burial expenses, in an amount according to proof at trial.

39. Pursuant to California C.C.P. Sections 377.60 and 377.61, plaintiffs have brought this action, and claims damages from said defendants for the wrongful death of decedent, and the resulting injuries and damages.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
(Violation of CALIFORNIA CIVIL CODE §52.1)
(Plaintiffs Jacquez and R.J., by and through his Guardian Ad Litem Monica Mendoza against Defendants Morris and DOES 1-25)

40. Plaintiffs re-allege and incorporates by reference paragraphs 1 through 39 of this Complaint.

41. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with the Decedent RICHARD JACQUEZ's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
(Negligence)
(Plaintiffs Jacquez and R.J., by and through his Guardian Ad Litem Monica Mendoza against Defendants Morris and DOES 1-50)

42. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 41 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

43.     The present action is brought pursuant to section 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees, Defendants Morris and DOES 1-50 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants Morris and DOES 1-50 were acting within the course and scope of their employment and/or agency with Defendant City. As such Defendant City is liable in respondeat superior for the injuries caused by the acts and omissions of Defendants Morris, and DOES 1-50 pursuant to section 815.2 of the California Government Code.

44.     Defendants' negligently and without due care, shot Decedent without legal justification. Decedent died as a proximate and direct cause of the Defendants' negligent conduct.

45.     The violent and needless shooting of Decedent occurred as a result of the absence of due care for the safety of others and constituted an unreasonable, unwarranted, and excessive use of force and manifested an unreasonable risk of injury to Decedent RICHARD JACQUEZ.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## JURY DEMAND

46.     Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1.      For general damages according to proof;
2.      For punitive damages and exemplary damages in amounts to be determined according to proof as to defendants DOES 1 through 50 and/or each of them;
3.      For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

For cost of suit herein incurred; and
4.     For such other and further relief as the Court deems just and proper.

**LAW OFFICES OF JOHN L. BURRIS**

Dated:  September 16, 2016           ___/s/ John L. Burris_
                                      John L. Burris, Esq.,
                                      Attorney for Plaintiffs

Dated:  September 16, 2016           ___/s/ Ben Nisenbaum___
                                      Ben Nisenbaum, Esq.
                                      Attorney for Plaintiffs

Dated:  September 16, 2016           ___/s/ James A. Cook
                                      James A. Cook, Esq.
                                      Attorney for Plaintiffs